## 41193. HALL v. THE STATE.
(320 SE2d 160)

SMITH, Justice.

Following a trial before a Tift County jury, appellant was convicted of felony murder for the May 15, 1980 stabbing death of Terry O'Quinn and was sentenced to life imprisonment.[1] On appeal, he raises the general grounds. We affirm.

On the night of May 15, 1980, appellant and Terry O'Quinn, the victim, were drinking beer at Charles' Bar in Tifton, Georgia. Appellant and his brother, Jimmy Hall, got into a scuffle with Jerry McMillan in the rest room of the bar. The owner of the bar, Charles Sanderson, asked them all to leave. Appellant protested. David Chandler, the bartender, and Carol Robert Lee, a bystander, testified that appellant reached for his knife, as he was backing out of the bar.

Appellant backed into the victim, who was outside of the bar. There was testimony that the victim shouted that appellant had a knife. Appellant and the victim began wrestling. They were separated, and appellant backed off into the street in front of the bar.

Appellant began screaming at the victim. He testified that he was telling the victim to stay away. Others testified that he was cursing the victim and telling the victim that he had something for him.

Suddenly, the victim ran toward appellant. Appellant pulled out the knife and stabbed the victim at least twice. Appellant ran off, and

---

[1] The crime was committed on May 15, 1980. Appellant was convicted on March 29, 1983. A notice of appeal was filed on April 28, 1983 and amended on May 2, 1984. The transcript was filed with the trial court on May 27, 1983 and docketed in the Supreme Court on May 25, 1984. The case was submitted on July 6, 1984.

the victim staggered back towards the bar. One wound punctured the pulmonary artery, and another severed the abdominal aorta. Either could have caused the victim's death.

Appellant contends that no reasonable jury could conclude that he was not acting in self-defense when he stabbed the victim. He also asserts that even if he were the original aggressor in the fight, he attempted to withdraw and communicated his desire to withdraw to the victim. We disagree. The jury was charged on voluntary manslaughter, involuntary manslaughter, self-defense, and murder. From the evidence produced at trial, a reasonable jury could conclude that appellant killed the victim while committing the felony of aggravated assault. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1984.

*Larry B. Mims,* for appellant.
*David E. Perry, District Attorney, Leonard M. Geldon, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.